UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

FLORENCE CREW-JONES, )
)
    Plaintiff(s), )
)
vs. )    2:11-CV-203-GMN-RJJ
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE CO., )    MINUTES OF THE COURT
)
    Defendant(s). )    DATED: August 25, 2011

PRESENT:

THE HONORABLE **GLORIA M. NAVARRO**, UNITED STATES DISTRICT JUDGE
COURTROOM DEPUTY: K. JOHNSON    RECORDER: A. BARENG
COUNSEL FOR PLAINTIFF(S):    BROCK OHLSON
COUNSEL FOR DEFENDANT(S):    KRISTIN MEREDITH; RILEY CLAYTON

PROCEEDINGS:    HEARING ON MOTION TO DISQUALIFY (19); AND
    SUBSTITUTION OF ATTORNEY (18)

NOTE: These proceedings are partially SEALED (Approximately 11:44 AM until 12:26 PM).

The Court convenes at 9:19 AM. The Court makes preliminary comments, then seeks input from counsel as to the motion at issue. Representations of counsel are heard.

The Court recesses at 9:54 AM to take other matters. Court reconvenes with this matter at 11:30 AM and, following brief discussion, all parties except for Riley Clayton and James Harper are excused, the courtroom is SEALED and the proceedings continue *in camera*.

The courtroom is UNSEALED at 12:26 PM and the proceedings continue in the presence of all parties. The Court summarizes the *in camera* portion of the hearing and makes findings and rulings for the record.

With respect to the cassette tape recording of statements by Mr. Hanks, **IT IS ORDERED** that James Harper shall neither destroy it nor turn it over to State Farm. The recording shall remain in the possession of Mr. Harper and shall be maintained in good working condition. The Court declines to address the question of whether the tape should be disclosed and directs the filing of motions in that regard for consideration by the U. S. Magistrate Judge if deemed appropriate by counsel.

.   .   .

**IT IS FURTHER ORDERED** the [19] Motion to Disqualify is GRANTED IN PART and DENIED IN PART as follows:

The [19] Motion is DENIED to the extent it seeks payment to plaintiff of any fees earned by Hall Jaffe & Clayton in relation to Mr. Clayton's *ex parte* meeting with plaintiff, the Motion to Disqualify, or this hearing. Rather, if there were any such fees collected from State Farm by Mr. Clayton or his firm from Aug. 14, 2011 to the present, the monies shall be collected, accounted for and provided to Southern Nevada Legal Services or any other organization which provides pro bono legal services to citizens in the District of Nevada. If it is determined that payment is necessary in accordance with these directives, then Mr. Clayton, or his firm, shall file a certification with the Court to that effect.

The [19] Motion is GRANTED to the extent that Mr. Clayton and his law firm are disqualified from further representing State Farm in this particular action.

The [19] Motion is GRANTED to the extent it seeks reasonable attorneys fees. The fees are awarded against Riley Clayton and Hall Jaffe & Clayton, LLP, jointly and severally. The Court directs submission by plaintiff of an appropriate Motion for Fees in conformance with Local Rule 54-16. Plaintiff's motion shall be due by 9/8/2011. Mr. Clayton will have an opportunity to object to the amount of fees requested.

The [19] Motion is GRANTED to the extent it seeks a Protective Order in that if there is any other information that Mr. Clayton possesses that he has not yet shared with any other individuals, he is **ORDERED** not to reveal that information unless otherwise ordered.

Additionally, **IT IS ORDERED** that any and all information received by Riley Clayton during the course of his *ex parte* meeting with plaintiff, which may or may not have been communicated to State Farm, Stephen Hanks, or any other individual by telephone, email, voice mail, fax, memo or in any other form, shall be provided to plaintiff's counsel. Any communications may be redacted to remove anything which would be a privileged communication.

The [19] Motion is DENIED without prejudice to the extent it seeks to disqualify Lewis Brisbois Bisgaard & Smith.

**IT IS FURTHER ORDERED** the [18] Substitution of Attorney is APPROVED.

There being no further business to address, the Court adjourns at 12:40 PM.