# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FLORENCE CREW-JONES, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STATE FARM MUTUAL AUTOMOBILE ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:11-cv-00203-GMN-RJJ <br><br> **ORDER** |

Before the Court is Plaintiff's Memorandum in Support of Motion for Attorney's Fees (ECF No. 32). Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") former counsel, Hall Jaffe & Clayton, LLP, and Riley A. Clayton (collectively, "HJC") filed an Objection (ECF No. 34).

On August 25, 2011, the Court heard oral arguments for Plaintiff's Motion to Disqualify (ECF No. 19) and Defendant's Motion to Substitute Attorney (ECF No. 18). At the hearing, the Court granted the portion of the Motion to Disqualify that sought reasonable attorney's fees incurred as a result of the NRPC 4.2 violation raised in the Motion to Disqualify, and directed Plaintiff to file a separate motion and itemization of costs pursuant to Local Rule 54-16. (*See* Minutes, ECF No. 33.)

Calculation of reasonable attorneys' fees is a two-step process. First, the Court computes the "lodestar" figure, which requires the court to multiply the reasonable hourly rate by the number of hours reasonably expended on the litigation. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citation omitted). Then, the Court decides whether to increase or reduce the lodestar amount based upon factors enumerated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which are consistent with Local Rule 54-16.

Local Rule 54-16 provides that when a party is entitled to move for attorney's fees, the motion must include a reasonable itemization and description of the work performed, an itemization of all costs sought to be charged as part of the fee award and not otherwise taxable, and a brief summary of twelve factors:

(1)  the results obtained and the amount involved;
(2)  the time and labor required;
(3)  the novelty and difficulty of the questions involved;
(4)  the skill requisite to perform the legal service properly;
(5)  the preclusion of other employment by the attorney due to acceptance of the case;
(6)  the customary fee;
(7)  whether the fee is fixed or contingent;
(8)  the time limitations imposed by the client or the circumstances;
(9)  the experience, reputation, and ability of the attorney(s);
(10) the undesirability of the case, if any;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

D. Nev. R. 54-16(b). Failure to provide the information required by Local Rule 54-16(b) in such a motion constitutes a consent to the denial of the motion. D. Nev. R. 54-16(d).

Plaintiff's motion addressed the preceding factors and attached a Billing & Time Summary for the work of three attorneys, totaling 31.9 hours and $11,552.50. HJC responds in their objection that "a reasonable amount that should be allowed for a single lawyer to prepare and argue a motion such as this is $2,500." (Obj., 8:12-13.) Alternatively, HJC argues that "if the Court believes that it is appropriate to allow for multiple 'conferences' so that a lawyer who is not familiar with these issues can get up to speed, then the award should not exceed $3,000 (15 total hrs. x 200/hr.)." (Obj., 8:13-15.)

First, the Court finds that the hourly rate of each attorney is reasonable and consistent with each attorney's experience and with rates in the Las Vegas legal market, and that the total number of hours is reasonable. An hourly fee ranging between $250.00-$350.00 per hour is reasonable for associates in the Las Vegas legal market. Mr. Ohlson's hourly rate is $300.00,

Mr. Cloward's hourly rate is $425.00, and Mr. Harris' hourly rate is $750.00.  The motion does not specify the number of years each attorney has practiced, but cites Mr. Ohlson's experience working for the United States Air Force JAG Corps, and Mr. Cloward's experience as a Senior Associate and the head of the litigation department at the Richard Harris Law Firm.  Furthermore, HJC concedes Mr. Harris' reputation and experience as the founder of the Richard Harris Law Firm.

Here, Plaintiff's Motion to Disqualify was not a simple common motion.  It involved sensitive legal ethical issues as well as religious issues and very unusual circumstances.  Therefore, it is reasonable for counsel to have sought the wisdom of senior counsel before bringing such a motion and to confer regarding how best to address and prosecute the issue.  However, for the instances in the Billing & Time Summary where multiple counsel for Plaintiff participated in discussions and duplicative fees were listed, the Court will award only the fees of the highest ranking attorney.  Here, Mr. Harris is the highest ranking attorney, followed by Mr. Cloward.  The Court will not grant attorney's fees for travel time or for the previously scheduled deposition.  Also, the Court will not award fees billed for non-legal administrative work performed, such as the preparation of billing and time summary.

Accordingly, the Court finds that reasonable attorney's fees in this case total $8,465.00, representing the sum of Mr. Harris' fees (3.6 hrs. x $750.00 = $2,700.00), Mr. Cloward's fees (2.2 hrs. x $425.00 = $935.00), and Mr. Ohlson's fees (16.1 hrs. x $300.00 = $4,830.00).

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees (ECF No. 32) is **GRANTED**.  Hall Jaffe & Clayton, LLP, and Riley A. Clayton shall pay Plaintiff the sum total of $8,465.00.

**DATED** this 30th day of May, 2012.

Gloria M. Navarro
United States District Judge